```
         FILED          LODGED
                RECEIVED
            SEP 06 2019
          CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON AT TACOMA
      BY                          DEPUTY
```

The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PAUL MICHEAL BERGIN,<br><br>　　　　　Defendant. | NO. CR18-5363RJB<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorney for said District, PAUL MICHEAL BERGIN and his attorney, John Carpenter, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), (B):

1.　　**Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in the Superseding Information.

2.　　**The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in Superseding Information:

PLEA AGREEMENT/BERGIN - 1
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.      Receipt of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Section 2252(a)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

      3.      **Elements of the Offense**. The elements of the offense or offense to which Defendant is pleading guilty are as follows:

      a.      The elements of Receipt of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Section 2252(a)(2), are as follows:

*First*, the defendant knowingly distributed/received a visual depiction in interstate commerce by any means, including a computer;

*Second*, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Third*, such visual depiction was of a minor engaging in sexually explicit conduct;

*Fourth*, the defendant knew that such visual depiction was of sexually explicit conduct; and

*Fifth*, the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

      4.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty are as follows:

      a.      For the offense of Receipt of Child Pornography, as charged in Count 1: A maximum term of imprisonment of up not less than five (5) years nor more than twenty (20) years, a fine of up to $ $250,000.00, a period of supervision following release from prison of not less than five (5) years and up to life, a mandatory special assessment of $100.00 dollars, and a penalty assessment of $5,000.00 unless the Defendant is indigent. If a probationary sentence is imposed, the probation period can be

PLEA AGREEMENT/BERGIN - 2
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of his or her peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

PLEA AGREEMENT/BERGIN - 3
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  e. The right to confront and cross-examine witnesses against Defendant
2  at trial;
3  f. The right to compel or subpoena witnesses to appear on his behalf at
4  trial;
5  g. The right to testify or to remain silent at trial, at which trial such
6  silence could not be used against Defendant; and
7  h. The right to appeal a finding of guilt or any pretrial rulings.
8  6. **Ultimate Sentence**. Defendant acknowledges that no one has promised or
9  guaranteed what sentence the Court will impose.
10 7. **Restitution**. Defendant understands and acknowledges that he may be
11 ordered to pay restitution to any victims of the offense to which he is pleading guilty.
12 Defendant specifically agrees that MV is a victim of that offense and is entitled to seek
13 restitution. Any amount of restitution ordered by the Court shall be due and payable
14 immediately and shall be paid in accordance with a schedule of payments as proposed by
15 the United States Probation Office and ordered by the Court.
16 8. **Forfeiture of Assets**. Pursuant to Title 18, United States Code, Section
17 2253, the Defendant agrees to forfeit to the United States immediately the Defendant's
18 right, title, and interest in any and all property, real or personal, that was used or intended
19 to be used to commit or to promote the commission of the offenses, and any visual
20 depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, or
21 any book, magazine, periodical, film, videotape, or other matter which contains any such
22 visual depiction, which was produced, transported, mailed, shipped or received in
23 violation of Title 18, United States Code, Chapter 110, including but not limited to, the
24 following assets:
25 a. One white Motorola cell phone seized from PAUL MICHEAL BERGIN on
26 or about June 7, 2018.
27 With respect to computers, digital devices, and digital or electronic media, the
28 Defendant agrees to forfeit the items and all files, data, and other contents of the items.

PLEA AGREEMENT/BERGIN - 4
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense or offenses. The parties further agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or the Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of Sentencing.

From November to December 2017, while at his home in Tacoma, PAUL MICHEAL BERGIN communicated with thirteen-year-old MV over the internet using Facebook Messenger. Their conversations were sexual in nature and included the exchange of sexually explicit photos and videos. BERGIN sent multiple [AT LEAST 1] photos and videos to MV of himself in the nude and/or in which he was masturbating. BERGIN also solicited sexually explicit photos and videos from MV. At all times, BERGIN was aware that MV was thirteen.

During their communications, BERGIN sent MV multiple messages asking that she send him photos of herself in the nude and video herself masturbating for him. BERGIN persuaded and encouraged MV to create and send him these sexually explicit photos and videos, and MV complied. For example, MV sent the following visual depictions to BERGIN at his request using Facebook Messenger:

**File Name:** mg076n5moeo8oocs24122180_135172110524974_1201944561971101696_n.mp4
Transmitted: November 30, 2017 at 05:57:27 UTC
This is a color video approximately 20 seconds long. This video depicts a close up of MV's vagina, while MV appears to be sitting with her legs spread on a gray bed sheet. MV is using her right hand to masturbate.

**File Name:** aag6lcx2174800c824157960_1768701049861559_2317698152557851721_n.mp4
Transmitted: December 1, 2017 at 22:11:19 UTC
This is a color video approximately 14 seconds long. This video depicts a close up of MV's vagina, and she is masturbating using the handle of a hairbrush. The

PLEA AGREEMENT/BERGIN - 5
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

lower part of MV's gray shirt is visible, and she is sitting on a red blanket with her legs spread.

**File Name:** 4z7jj1kfk5s8kgwo24157496_135614597147392_8495741913339527168_n.mp4
Transmitted: December 2, 2017 at 00:56:14 UTC
This is a color video approximately 24 seconds long. This video depicts a close-up of MV's vagina, and she is masturbating using her right hand. MV is sitting on a red and gray blanket and wearing a gray shirt. At the end of the video, MV pans the camera up so that her face is visible.

BERGIN's communications with MV were intended to persuade and did in fact induce her to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. BERGIN knowingly and intentionally caused MV to produce these visual depictions and received these visual depictions of MV engaged in sexually explicit conduct, all of which traveled in interstate commerce.

10. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

PLEA AGREEMENT/BERGIN - 6
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

  11. **Acceptance of Responsibility.**  At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  12. **Sentencing Factors.**  The parties agree that the following Sentencing Guidelines provisions apply to this case and expressly agree stipulate pursuant to U.S.S.G. § 1B1.2(c) that the factual admissions contained in this Plea Agreement establish that Defendant committed an offense in violation of 18 U.S.C. § 2251(a) (Production of Child Pornography), and that U.S.S.G. § 2G2.1 governs the calculation of the offense level for that offense:

   The base offense level is thirty-two (32) pursuant to U.S.S.G. § 2G2.1(a);

   There is a two-level increase because MV was over the age of twelve but under
   the age of sixteen pursuant to U.S.S.G. § 2G2.1(b)(1)(B);

   The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands,

PLEA AGREEMENT/BERGIN - 7
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13. **Pre-Sentence Psycho-Sexual Assessment.** Defendant will submit to a sex offender evaluation/psycho-sexual assessment, which shall include polygraph testing. Defendant waives any right to confidentiality and authorizes the above-described provider conducting the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Office, defense counsel, and government counsel. Such report(s) may be considered by the Court in determining the appropriate sentence and conditions of supervised release.

14. **Registration as a Sex Offender.** The Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. The Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, is an employee, and is a student. The Defendant further agrees that for initial registration purposes only, the Defendant is required also to register in the jurisdiction in which the Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing

PLEA AGREEMENT/BERGIN - 8
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

PLEA AGREEMENT/BERGIN - 9
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that by entering the guilty plea(s) required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

19. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

PLEA AGREEMENT/BERGIN - 10
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. **Completeness of Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6 day of SEPT, 2019.

_____
PAUL MICHEAL BERGIN
Defendant

_____
TOM WEAVER
Attorney for Defendant

_____
KATHERYN KIM FRIERSON
Assistant United States Attorney

_____
MATTHEW P. HAMPTON
Assistant United States Attorney

PLEA AGREEMENT/BERGIN - 11
CR18-5363RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970