The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAUL MICHEAL BERGIN, <br><br> Defendant. | NO. CR18-5363 RJB <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

## I.   INTRODUCTION

Defendant Paul Bergin met a thirteen-year-old online and convinced her to engage in self-exploitation and send him images and videos of that self-exploitation.  Bergin was initially charged with enticement of a minor, which carries a ten-year mandatory minimum penalty; however, the government agreed to let Bergin plead to a less serious offense, receipt of child pornography, which carries a mandatory minimum of only five years.  While Bergin's case is not without mitigation, there is no question that he knew what he was doing to his victim was wrong.  And it is equally clear from his time on pretrial release that Bergin has a great deal of work to do if he is going to succeed on supervision.  The same qualities noted by U.S. Probation that to some extent explain why he committed his offense and reduce his moral culpability should also give the Court pause when thinking about the risk he poses in the future.

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government therefore recommends a sentence at the low-end of the applicable Guidelines range, seventy-eight months, and a fifteen-year term of supervision.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In November 2017, Bergin started communicating with a thirteen-year-old girl (MV) over Facebook Messenger. Bergin knew MV was thirteen when he was talking with MV and despite that fact, sent her sexually explicit images and asked her to create and send him sexually explicit images of herself. MV complied and sent Bergin images and videos of herself in the nude, as well as videos in which she was masturbating.

Facebook detected this activity and sent a CyberTip to the National Center for Missing and Exploited Children. Law enforcement then identified Bergin, and Special Agent Jayme McFarland obtained a search warrant for Bergin. On the date of the search, June 7, 2018, Bergin agreed to speak with the agents and though he initially denied any involvement with the offense, he eventually acknowledged having solicited and received sexually explicit images and videos from MV. He also admitted that he was aware she was thirteen and that he knew what he was doing was wrong.

Bergin was arrested and charged by criminal complaint. The Grand Jury then returned an indictment charging him with enticement of a minor. That offense carries mandatory minimum of ten years' imprisonment and a maximum term of life. In September 2019, the defendant entered into a plea agreement with the government in which he was permitted to plead guilty to receipt of child pornography, which carries a mandatory term of imprisonment of five years and a maximum of twenty years.

## III.   GUIDELINES RANGE

The government agrees with U.S. Probation's calculation of the Guidelines, which is also in line with the stipulations of the parties contained in the plea agreement. Specifically, Bergin's total offense level is thirty-one, and his CHC is I. The parties also recommend that Bergin be granted a three-level variance based on his willingness to undergo and share a psychosexual evaluation for purposes of sentencing. As a result, his Guidelines range would be seventy-eight to ninety-seven months of imprisonment.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. SENTENCING RECOMMENDATION

A sentence of seventy-eight months' imprisonment followed by fifteen years supervision is sufficient, but not greater than necessary, to meet the objectives outlined in 18 U.S.C. § 3553(a).

For starters, Bergin's offense is serious and will have a lingering effect on its victim. Bergin knew it was wrong to solicit self-exploitation imagery from a child and he did so anyway. Bergin, and others like him, make the digital world a dangerous one for children who lack both the judgment and maturity to make responsible choices about what to share online and with whom. Bergin was the adult in the virtual room, and despite knowing what he was doing was wrong, he chose to victimize a thirteen-year-old girl.

To be sure, aspects of Bergin's background and his developmental deficits offer some insight into why Bergin did what he did and to some extent mitigate his level of culpability. Indeed, his unique characteristics and willingness to accept responsibility for his actions were key factors in the government's decision to permit him to plead to an offense with something less than a ten-year mandatory custodial term. Importantly, however, this is not a case where Bergin could not appreciate what he was doing was wrong or did not understand what he was doing. He knew it was wrong; he simply did it anyway.

Moreover, Bergin's performance on pretrial supervision is also cause for concern. Despite there being numerous chances, Bergin simply refused to comply with the terms of his bond and cooperate with his pretrial officer. The challenges he faces are real, but it's also apparent that his failure to follow the rules was not for want of ability to do so but rather a lack of desire to do so. In crafting the custodial sanction, the Court must be mindful not only of what Bergin has done but also what he is likely to do in the future. If his conduct on pretrial release is any guide, the Court should be concerned about what his future holds.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    For that same reason, the government also recommends a lengthy term of
2 supervision.  While Bergin has a good deal of work to do if he is to be successful on
3 supervision, the judgment and impulse-control issues he has shown should not inspire
4 confidence in his ability to not reoffend.  The structure and support of federal
5 supervision, along with the accountability, will be critical in managing the risk Bergin
6 poses to the community upon his release.
7    On balance, the government believes a sentence at the low-end of the advisory
8 range reflects an appropriate weighing of the sentencing factors applicable to this case.
9 The government therefore recommends that the Court sentence Bergin to a term of
10 seventy-eight months' imprisonment and fifteen years of supervision.

## V.    RESTUTITION

12    To date, the government has received no restitution request from the victim in this
13 case.
14 //
15 //
16 //

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VI. WAIVER OF APPEAL

As part of the plea agreement, Bergin has waived his right to appeal the sentence imposed in this case if the sentence does not exceed the applicable Guidelines range determined by the Court at the time of sentencing. If the Court imposes a sentence within this applicable Guidelines range or less, the government respectfully requests that the Court notify Defendant, pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), that he has waived his appeal rights except as to the effectiveness of legal representation. Otherwise, the government requests that the Court notify Defendant of his right to appeal the sentence as set forth in Title 18, United States Code, Section 3742.

DATED this 24th day of January, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-6677
Facsimile: (206) 553-2502
E-mail: matthew.hampton@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

*s/ Becky Hatch*
BECKY HATCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Fax:   (206) 553-0755
E-mail: becky.hatch@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Bergin*, CR18-5363 RBJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970