The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>PAUL BERGIN,<br><br>        Defendant. | Case No: CR18-5363BHS<br><br>DEFENSE SENTENCING MEMORANDUM |

## A. INTRODUCTION

Paul Bergin spent his first four years confined almost entirely to a crib. When he was finally removed from his mother at the age of four, he had yet to speak his first words, walk his first steps, or use a toilet. There is also evidence he was dropped on his head when he was two years old, causing a traumatic brain injury, and that his mother used drugs and alcohol during the pregnancy. He has never recovered from the extreme neglect he experienced during those first four years.

The formative years from birth to age five are critical to the development of language and cognitive reasoning. According to one 2013 study, "Early childhood is a vulnerable period for the acquisition and development of cognitive,

- 1- DEFENSE SENTENCING MEMORANDUM

The Law Office of Thomas E. Weaver
P.O. Box 1056
Bremerton WA 98337
(360) 792-9345

language, and emotion regulation abilities, and therefore neglect in early childhood is of particular concern."[1] According to speech-language pathologist Dr. Carol Westby, maltreatment of the young child can result in biochemical and structural changes in the bran resulting in generalized language deficits, difficultly using language to articulate needs and feelings, difficulty conveying abstraction, and difficulty sustaining coherent narratives.[2]

Mr. Bergin is a prime example of what happens to young children who experience extreme neglect.  Mr. Bergin speaks with a severe lisp/speech impediment that often makes him difficult to understand.  His vocabulary is limited and he reads at a fourth grade level.  Standardized testing has accessed his I.Q. between 63 and 68, which puts him at the mildly impaired range.  His ability to control his emotions and impulses are also severely stunted.

Psychological studies cited by the United States Supreme Court have found that the normal male brain does not become fully developed until the age of 26, which in turn affects their legal culpability.  The United States Supreme Court summarized those studies as follows:

> *Roper* established that because juveniles have lessened culpability they are less deserving of the most severe punishments.  As compared to adults, juveniles have a lack of maturity and an underdeveloped sense of responsibility; they are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure; and their characters are not as well formed.  These salient characteristics mean that it is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3652241/
[2] https://pubs.asha.org/doi/10.1044/0161-1461%282007/014%29

- 2- DEFENSE SENTENCING MEMORANDUM

The Law Office of Thomas E. Weaver
P.O. Box 1056
Bremerton WA 98337
(360) 792-9345

corruption. Accordingly, juvenile offenders cannot with reliability be classified among the worst offenders. A juvenile is not absolved of responsibility for his actions, but his transgression is not as morally reprehensible as that of an adult.

*Graham v. Florida*, 560 U.S. 48, 68, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), citing *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (other citations omitted). Mr. Bergin was 24 years old at the time of his offense.

The United States Supreme Court has also held that mentally retarded[3] individuals are less culpable. *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). This is true, in part, because the criminal justice system serves neither a retributive nor a deterrent effect on the mentally retarded. As a general proposition, the Courts have treated individuals with an I.Q. of less than 70 as being mentally retarded. *See Hall v. Florida*, 572 U.S. 701, 134 S.Ct. 1986, 188 L.Ed.2d 1007 (2014). Mr. Bergin has an I.Q. of between 63 and 68, which qualifies him as mentally retarded under *Atkins* and *Hall*.

In Mr. Bergin's case, these studies apply with even more force. Even without the extreme neglect, his brain would not have been fully developed at the time of the offense. But couple his chronological age with his mental retardation as a result of extreme childhood neglect, and the resulting image is one with a pre-pubescent brain in an adult body. The criminal offense to which he pleaded guilty, Receipt of Child Pornography, involved him engaging in consensual sexual chats on the Internet with a 13 year old girl. It is arguably true that he was

---

[3] The term "mentally retarded" has increasingly fallen out of use. Because the *Atkins* and *Hall* cases use the term, it is retained. No offense to Mr. Bergin is intended.

| - 3- DEFENSE SENTENCING MEMORANDUM | The Law Office of Thomas E. Weaver P.O. Box 1056 Bremerton WA 98337 (360) 792-9345 |
|---|---|

communicating with a girl who was his emotional and sexual peer, albeit not his chronological one.

## B.  GUIDELINES CALCULATION

Mr. Bergin was originally charged with Production of Child Pornography, but pleaded guilty to the lesser charge of Receipt of Pornography.   Receipt of Child Pornography is normally sentenced pursuant to U.S.S.G. §2G2.2, which would put his base offense level as 22.  The parties stipulated as part of the Plea Agreement that his base offense level should remain 32 pursuant to U.S.S.G. §2G2.1, the same base level as it would be for Production of Child Pornography. The plea agreement also states, "[T]he Court is free to reject these stipulated adjustments."

There is also a 2 point increase for the victim's age and 3 point decrease for acceptance of responsibility.

The Government is requesting that this Court accept a 3-point variance based upon his willingness to share his psychological and psychosexual evaluations.  Probation concurs with that request.  The Defendant also concurs.

Receipt of Child Pornography carries a mandatory minimum sentence of five years.

## C.  SENTENCING GUIDELINES

At sentencing this Court should consider (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need to afford adequate deterrence to criminal conduct; (5) the need to protect the public from further crimes of the defendant; (6) the need to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. 18 USC §3553.

In reviewing these factors, it is clear that the mandatory minimum sentence required by statute is excessive. First, as noted, Mr. Bergin engaged in a consensual sexual chat with a girl who was his emotional and sexual peer.

Second, the personal history and childhood of Mr. Bergin weigh heavily in favor of mitigation. Contemporaneous to this Sentencing Memorandum, Mr. Bergin is filing under seal a psychological evaluation conducted by Dr. Richard Packard and a psychosexual evaluation conducted by Michael Comte. Both individuals are well known to this Court and detail a long history of neglect and abuse.

Third and fourth, as the Supreme Court noted in *Atkins*, retribution and deterrence do not carry the same force with mentally retarded defendants as they does with others.

Fifth, despite is deficiencies, Mr. Bergin has no criminal history and his instant offense is non-violent.

Sixth, while it is certainly true that Mr. Bergin could benefit from rehabilitative services, putting someone with Mr. Bergin's mental and language deficiencies in confinement is unlikely to result in any form of rehabilitation. If anything, Mr. Bergin's experience at the FDC indicates he will likely go backwards. Since being at the FDC, he has been continually bullied by other

The Law Office of Thomas E. Weaver
P.O. Box 1056
Bremerton WA 98337
(360) 792-9345

1  inmates, including an allegation of sexual assault.[4]  Mr. Bergin has been

2  repeatedly placed into solitary confinement at the FDC in order to protect him

3  from bullying.

4         Seventh, the Court is extremely limited in its sentencing options.  The

5  legislature simply did not contemplate someone like Mr. Bergin when setting the

6  mandatory minimums.

7         Eighth, the victim is not requesting restitution.  The victim impact

8  statement filed in this case is short and speaks mainly of forgiveness and the need

9  for both of them to move forward.  The statement, which almost reads like a

10 poem, states:

> In all that we do in this life should be
> To respect and love each other in brotherly and sister love, and corrupt
> Or encourage deceit. Doesn't matter what background, culture, or region
> We all exist here for a short time on this planet we all come home and
> earth. So in that we are connected to be each other's keeper. This will have
> a stain in our lives which wil affect our day to decisions, whether it's will
> impact good or bad. So when we inflict negative on someone it stains
> there ability to move forward in this already hectic life that we are
> experiencing. We, I forgive you. Just ask God above to help you think
> positively in your life.

Reading the victim impact statement, one gets the sense the victim is more

capable of abstract thinking than Mr. Bergin.

       Ninth, there are no co-defendants and sentence disparity is not an issue in

this case.

---

[4] Mr. Bergin filed a rape report in early 2019, which was investigated.  BOP determined the rape was "unfounded," a conclusion with which Mr. Bergin disagrees vehemently.

### D. ACCEPTANCE OF RESPONSIBILITY

Mr. Bergin will provide a statement of acceptance of responsibility by separate letter.

### E. RECOMMENDATION

The mandatory minimum sentence of five years required by this offense fails to adequately take into account Mr. Bergin's youth, mental retardation, and childhood neglect.

DATED this 27th day of January, 2020.

*Thomas E. Weaver*
Thomas E. Weaver
WSBA #22488
Attorney for Defendant

**CERTFICATE OF SERVICE**

I hereby certify that on January 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each participant in this case.

DATED this 27th day of January, 2020.

*Thomas E. Weaver*
Thomas E. Weaver
WSBA #22488
Attorney for Defendant